IN THE CIRCUIT COURT OF ST. LOUIS CITY
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

JOHN DANIEL LESLIE, )
)
) Cause No.: 1322-CC00445
)
) Division No.:
)
Plaintiff, )
)
v. )
)
MAIDA ENGINEERING, INC. )
)
Serve: Incorp Services, Inc. )
2847 S. Ingram Mill Road )
Ste. A-100 )
Springfield, MO 65804 )
)
AND )
)
GUARANTEE ELECTRICAL COMPANY )
)
Serve: CT Corporation System )
120 South Central Ave. )
Clayton, MO 63105 )
)
Defendants. ) JURY TRIAL DEMANDED

FILED 22ND JUDICIAL CIRCUIT 2013 FEB 22 PH 4: 53

## PETITION

### ALLEGATIONS APPLICABLE TO ALL COUNTS

COMES NOW Plaintiff and states the following which will be applicable to all counts in this Petition:

1. Plaintiff John Leslie is a citizen and resident of Franklin County, Missouri.

2. Defendant Maida Engineering, Inc. is a Pennsylvania Corporation licensed and registered to do business in the State of Missouri with its registered agent as Incorp Services, Inc.

1

at 2847 S. Ingram Mill Road, Ste. A-100, in Springfield, Missouri.

3. Defendant Guarantee Electrical Company is a Missouri Corporation doing business in the State of Missouri with its registered agent as CT Corporation System at 120 South Central Avenue, Clayton, MO 63105.

4. Plaintiff Leslie is an employee of the United States National Park Service and works at the Gateway Arch. He maintains and repairs the tram that takes visitors to the top of the Arch. In 2011, Defendants Guarantee Electric and Maida Engineering were hired by the federal government to work on the Arch tram in a project to provide additional electrical wiring for the tram system.

5. As part of their work, agents and employees of Defendants Maida Engineering and Guarantee Electric took out and removed various braking and safety systems on the Arch tram. These brake systems were intended to slow down and stop the tram. This included a bar on the tram that was supposed to contact electrical switches to slow the train down and to engage braking mechanisms. This included removing a safety switch that would have braked the train. This also included disabling electrical timers that communicated and could tell the operator the speed of the tram, and whether it was slowing.

6. A company (and its employees) cannot remove brakes on moving vehicle, train or tram, which needlessly endangers riders on that equipment.

7. A company (and its employees) working on a moving vehicle, train or tram, must ensure it can brake and stop before people can safely ride it.

8. On February 9, 2011, Plaintiff Leslie was asked to assist Defendants Maida Engineering and Guarantee Electric in doing some work on the tram. He and a co-employee

2

were instructed by supervisors to ride to the top of the Arch, and did so. Plaintiff and his co worker rode the tram in their usual and customary manner - on a platform on the outside, and in front, of the tram.

9. While plaintiff was riding it, the tram failed to brake and stop, crashed into a wall at the end of the tracks, and crushed Plaintiff. Plaintiff suffered injuries from being pinned between the tram and a wall, including fractured ribs and a fractured sternum.

10. This incident occurred in the City of St. Louis and venue is proper in this Court pursuant to Mo.Rev.Stat. §508.010.

## COUNT I

COMES NOW Plaintiff John Leslie, by and through his undersigned attorney, and states the following for his cause of action against Defendant Maida Engineering, Inc.:

11. Plaintiff adopts and incorporates Allegations Applicable to All Counts as though fully set forth herein.

12. Defendant Maida Engineering, Inc., acting through its employees and agents, directly and proximately caused plaintiff Leslie's injuries and damages on February 9, 2011, because of the following negligence:

  a. Failed to ensure the tram would stop at the end of the line;
  b. Failed to communicate to the operator of the tram whether the tram was braking and ensure that safe braking would occur with plaintiff riding it;
  c. Changed the electrical timers to be set too high so they wouldn't trigger any warning or advise anyone that the tram was not slowing;
  d. Moved the safety switch that would have braked the tram and/or triggered the braking for the tram;
  e. Failed to line the bar of the tram to hit electrical switches along the tracks that would engage the brakes and slowed the tram;
  f. Failed to install blocking devices or other temporary devices to block the tram,

3

and ensure that it would not crash, at the end of the line;

g. Failed to place a lookout with communication ability to the operator to visually verify tram operations and that tram was slowing down;

h. Failed to provide other mechanism to stop or slow the tram to prevent injuries;

i. Failed to warn plaintiff and any other tram riders of the removal of all the braking devices on the tram; and

j. Failed to warn plaintiff to ride inside the tram rather than on the cattle catcher to avoid injury.

13. As a direct and proximate result of the negligence and carelessness of the employee and agents of Maida Engineering as set forth above, plaintiff suffered harms and losses. Plaintiff Leslie was crushed between the tram and the wall at the end of the tracks of the tram and had his ribs pop, snap and break. He then turned and put his back against the wall where the tram continued and crushed and fractured his sternum. Plaintiff injured his left shoulder, ribs and sternum. Plaintiff's damages include medical bills and costs for medical treatment for his injuries in the past and the future. Plaintiff has had pain in the past and will suffer pain in the future. Additionally, Plaintiff has mental distress from continuing to work in the same place and has severe challenges in continuing to work on the tram. Plaintiff has also sustained wage loss damages and will sustain wage loss in the future.

WHEREFORE, plaintiff Leslie respectfully requests judgment against Defendant Maida Engineering for all of plaintiff's harms and losses, in the amount greater than the $25,000 jurisdictional minimum of this Court, and for any further just and proper relief.

## COUNT II

COMES NOW, plaintiff John Leslie, by and through his undersigned attorney, and states the following for his cause of action against Defendant Guarantee Electrical Company:

4

14. Plaintiff adopts and incorporates Allegations Applicable to All Counts as though fully set forth herein.

15. Defendant Guarantee Electrical Company, acting through its employees and agents, directly and proximately caused plaintiff Leslie's injuries and damages on February 9, 2011, because of the following negligence:

    a. Failed to ensure the tram would stop at the end of the line;
    b. Failed to communicate to the operator of the tram whether the tram was braking and ensure that safe braking would occur with plaintiff riding it;
    c. Changed the electrical timers to be set too high so they wouldn't trigger any warning or advise anyone that the tram was not slowing;
    d. Moved the safety switch that would have braked the tram and/or triggered the braking for the tram;
    e. Failed to line the bar of the tram to hit electrical switches along the tracks that would engage the brakes and slowed the tram;
    f. Failed to install blocking devices or other temporary devices to block the tram, and ensure that it would not crash, at the end of the line;
    g. Failed to place a lookout with communication ability to the operator to visually verify tram operations and that tram was slowing down;
    h. Failed to provide other mechanism to stop or slow the tram to prevent injuries;
    i. Failed to warn plaintiff and any other tram riders of the removal of all the braking devices on the tram; and
    j. Failed to warn plaintiff to ride inside the tram rather than on the cattle catcher to avoid injury.

16. As a direct and proximate result of the negligence and carelessness of the employee and agents of Guarantee Electrical as set forth above, plaintiff suffered harms and losses. Plaintiff Leslie was crushed between the tram and the wall at the end of the tracks of the tram and had his ribs pop, snap and break. He then turned and put his back against the wall where the tram continued and crushed and fractured his sternum. Plaintiff injured his left shoulder, ribs and sternum. Plaintiff's damages include medical bills and costs for medical treatment for his injuries in the past and the future. Plaintiff has had pain in the past and will

5

suffer pain in the future. Additionally, Plaintiff has mental distress from continuing to work in the same place and has severe challenges in continuing to work on the tram. Plaintiff has also sustained wage loss damages and will sustain wage loss in the future.

WHEREFORE, plaintiff Leslie respectfully requests judgment against Defendant Guarantee Electrical Company for all of plaintiff's harms and losses, in the amount greater than the $25,000 jurisdictional minimum of this Court, and for any further just and proper relief.

Respectfully submitted,

CANTOR & BURGER, LLC

Gary K. Burger, Jr., #43478
12283 Olive Boulevard
St. Louis, Missouri 63141
Telephone: (314) 542-9999
Facsimile: (314) 434-4459
Gary@cantorburger.com
*Attorneys for Plaintiff*

6

 CT Corporation

**Service of Process Transmittal**
03/07/2013
CT Log Number 522270425

TO: Douglas Mertzlufft
Guarantee Electrical Co.
3405 Bent Avenue
St. Louis, MO 63116

RE: **Process Served in Missouri**

FOR: GUARANTEE ELECTRICAL COMPANY (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | John Daniel Leslie, Pltf./Petitioner vs. Maida Engineering Inc. and Guarantee Electrical Company, Dfts./Respondents |
| DOCUMENT(S) SERVED: | Summons, Petition |
| COURT/AGENCY: | 22nd Judicial Circuit Court of City of St Louis, MO<br>Case # 1322CC00445 |
| NATURE OF ACTION: | Employee Litigation - Personal Injury - Plaintiff injured his left shoulder, ribs and sternum |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Clayton, MO |
| DATE AND HOUR OF SERVICE: | By Process Server on 03/07/2013 at 09:05 |
| JURISDICTION SERVED: | Missouri |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, exclusive of date of service |
| ATTORNEY(S) / SENDER(S): | Gary K. Burger<br>Cantor & Burger, LLC<br>12283 Olive Boulevard<br>St. Louis, MO 63141<br>(314)542-9999 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 794926131113 |
| SIGNED:<br>PER:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>Meghan Saffell<br>120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105<br>314-863-5545 |

Page 1 of 1 / AD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>PHILIP HEAGNEY | Case Number: 1322-CC00445 |
|---|---|
| Plaintiff/Petitioner:<br>JOHN DANIEL LESLIE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GARY KARL BURGER JR.<br>12283 OLIVE BLVD<br>SAINT LOUIS, MO 63141 |
| Defendant/Respondent:<br>MAIDA ENGINEERING INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: GUARANTEE ELECTRICAL COMPANY
Alias:
CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

ST. LOUIS COUNTY

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

CITY OF ST LOUIS

February 28, 2013
Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
Date    Notary Public

Sheriff's Fees, if applicable
Summons $_____
Non Est $_____
Mileage $_____ (____ miles @ $____ per mile)
Total $_____
A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) For Court Use Only: Document Id # 13-SMCC-2620    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo