UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DANIEL LESLIE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-614 (CEJ) |
| MAIDA ENGINEERING INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.  Defendant Guarantee Electrical Company opposes the motion, and the issues are fully briefed.

I.   Background

Plaintiff is an employee of the United States National Park Service and works at the St. Louis Gateway Arch.  The Arch is a national monument located on the grounds of a national memorial, the Jefferson National Expansion Memorial.  The land for the memorial was acquired by the United States Department of the Interior with the consent of the Missouri legislature.

Plaintiff maintains and repairs the tram that takes visitors to the top of the Arch. Defendants Maida Engineering, Inc. and Guarantee Electrical Co. were hired by the United States government to provide additional electrical wiring for the tram system. Plaintiff alleges that while defendants worked on the tram, they removed an emergency brake and other safety features.  Plaintiff rode the tram to the top of the Arch, and was crushed between the tram and the wall at the end of the tracks.  He

filed suit in state court, asserting a claim of negligence against the defendants.

Defendant Guarantee Electrical, with the consent of Maida Engineering, removed the case to this Court. Defendant's notice of removal states that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, because the site where the cause of action arose was federal property subject to exclusive federal jurisdiction.

## II.  Legal Standard

The party seeking removal has the burden to establish federal subject-matter jurisdiction. <u>Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.</u>, 561 F.3d 904 (8th Cir. 2009). All doubts about federal jurisdiction must be resolved in favor of remand. <u>In re Business Men's Assur. Co. of America</u>, 992 F.2d 181, 183 (8th Cir. 1993). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

## III.  Discussion

It is undisputed that the parties are not citizens of different states; the defendants invoke federal question jurisdiction. The issue is whether this action, based on state common law, is removable, either because the plaintiff's negligence claim arose on property owned by the federal government or because it arose in the course of performing work directed by federal officers.

### 1.  Federal Enclave

The Federal Enclave Clause of the Constitution, Art. I, § 8, cl. 17, authorizes the exercise of federal jurisdiction over federal enclaves. "A federal enclave is territory which has been transferred by a state through cession or consent to the United States and over which the federal government has acquired exclusive jurisdiction." <u>Osburn</u>

v. Morrison Knudsen Corp., 962 F.Supp. 1206, 1208 (E.D. Mo. 1997).  The United States acquires exclusive jurisdiction only after the state cedes jurisdiction, and the United States accepts it. 40 U.S.C. §3112(a)-(b).  Until the United States formally accepts jurisdiction, the presumption is that jurisdiction has not been accepted.  40 U.S.C. § 3112(c) ("It is conclusively presumed that jurisdiction has not been accepted until the [Federal] Government accepts jurisdiction over [the] land.");  Hankins v. Delo, 977 F.2d 396, 398 (8th Cir. 1992) ("Even when the state purports to cede land to the federal government, the United States does not have jurisdiction unless it accepts it in the way the statute requires." ).

Once a territory is a federal enclave, state law causes of action arising on the property are "federalized."  "[U]nless and until Congress passes legislation relating to the property, state law in existence at the time of cession is assimilated into the federal common law governing the enclave."  Sylvane v. Whelan, 506 F.Supp. 1355, 1360 (E.D.N.Y. 1981).  Therefore, "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006).

To establish federal question jurisdiction, defendant must show that the Jefferson National Expansion Memorial is a federal enclave.  Missouri has clearly ceded jurisdiction over the memorial to United States.  Mo. Rev. Stat. § 12.020; Mo. Rev. Stat. § 12.010.  In this case, however, defendant has not cited any authority to show that the United States accepted exclusive jurisdiction over the memorial.  "It follows that if the Federal government has not accepted exclusive jurisdiction over… the Jefferson [National Expansion] Memorial, the State of Missouri retains that jurisdiction not accepted.  We might treat [Mo. Rev. Stat.] Section 12.020, supra (wherein

Missouri cedes jurisdiction), as a continuing offer by the State of Missouri to the Federal government to accept exclusive jurisdiction." Op.Att.Gen. No. 9, Blair, 3-6-1957.

Defendant has the burden to establish this Court has subject matter jurisdiction, and has failed to meet its burden. The defendant has not shown that the Gateway Arch is located on a federal enclave. Therefore, the fact that plaintiff's cause of action arose on federally-owned property is insufficient to establish federal question jurisdiction.

### 2. Federal Officer

The defendant alternatively asserts that jurisdiction exists because plaintiff's cause of action arose in the course of performing work under a federal contract. A defendant seeking removal under the federal officer removal statute, 28 U.S.C. §1442(a)(1) must demonstrate that "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006). "Government contractors fall within the terms of the federal officer removal statute, at least when the relationship between the contractor and the Government is an unusually close one involving detailed regulation, monitoring, or supervision." Jacks v. Meridian Res. Co., LLC, 701 F.3d 1224, 1231 (8th Cir. 2012) (quoting Watson v. Philip Morris Co., Inc., 551 U.S. 142, 153 (2007)).

The United States Supreme Court has rejected a "narrow, grudging interpretation" of §1442(a)(1). See Jefferson Cnty, Ala. v. Acker, 527 U.S. 423, 431-432 (1999) ("Just as requiring a 'clearly sustainable defense' rather than a colorable

defense would defeat the purpose of the removal statute, so would demanding an airtight case on the merits in order to show the required causal connection.") (citations omitted).  However, even interpreting 1442(a)(1) broadly, defendant's vague allegations that the tram project was subject to government supervision cannot satisfy the statute's requirements.

Defendant states that it "fully intends to raise in the course of its litigation the fact that its work was (1) performed pursuant to specifications prepared by a federal officer, (2) inspected by a federal officer and (3) ultimately approved and accepted by a federal officer."  The Court cannot discern how closely defendant's task was monitored and regulated by federal officers, or whether the emergency brake and safety features on the tram were disabled pursuant to the "specifications prepared by a federal officer."  And while the defendant may intend to assert a defense of government contractor immunity, defendant has not stated any federal defense outright.  It appears that defendant raised the issue of federal officer removal as an afterthought, as the removal petition makes no mention of it.  The Court cannot determine that federal officer jurisdiction exists based upon the bare-bones allegations in defendant's response and sur-reply briefs.

\* \* \*

For the reasons discussed above, the Court concludes that defendant has failed to establish subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. # 8] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2013.